UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELTA LOCUM TENENS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:17-fj-00004-R |
| | ) | |
| CIMARRON COUNTY HEALTH AUTHORITY, | ) | |
| d/b/a CIMARRON MEMORIAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW NewLight Healthcare, Inc., and states the following:

1.  On December 6, 2017 NewLight Healthcare, Inc., filed a Motion to Intervene in this instant matter [Doc.17].  To date, said motion has not been ruled-upon.

2.  The basis of NewLight's motion is that NewLight is a secured creditor of Defendant. NewLight filed a UCC Financing Statement on November 1, 2016.  That security interest is superior to the subsequent judgment-lien of Plaintiff.

3.  NewLight secured Oklahoma counsel (the undersigned) as soon as reasonably possible after learning that Plaintiff had registered a foreign judgment in this Court and had, furthermore, filed a Garnishment Affidavit seeking to garnish the bank account of Defendant with First State Bank.

4.  A copy of the motion was served on all parties, including First State Bank, by certified mail, by depositing the same in the United States Mail.

1

5. On Thursday, December 7, 2017, counsel for Plaintiff, Jacob Kring, contacted and emailed the undersigned. The undersigned was on the road to a client consultation in Tillman County, Oklahoma. Upon the return trip, that day, the undersigned telephoned Mr. Kring. During that telephone conference, the undersigned advised Mr. Kring of the following:

   a. That the undersigned's firm had been retained to file a motion to intervene in the garnishment action;

   b. That it appeared that Plaintiff had served First State Bank on November 27, 2017 with the Garnishment Affidavit, and that NewLight had concerns that the Garnishment Affidavit attempted to garnish funds that were, in whole or in part, collateral pledged by the November 1, 2016 UCC Financing Statement;

   c. That the undersigned filed the Motion to Intervene as soon as possible in order to advise all parties of the existence of NewLight's claim; and,

   d. That the undersigned (i) agreed that additional details should be provided— such as whether all, and if not all, what part of the First State Bank account is pledged as collateral—and, (ii) would need to discuss with his client more specific details; and,

   e. That the undersigned would discuss with his client and that Mr. Kring and the undersigned would speak the week of December 11, 2017.

6. Mr. Kring sent an email following up the telephone conference of December 7, 2017, providing a proposed agenda for the discussion on the week of December 11, 2017. *See* Exhibit 1.

7. The undersigned had deposition most of the day December 11, 2017, so the undersigned planned to discuss details with his client on December 12, 2017.

8. On December 11, 2017, in the morning, the undersigned was advised by NewLight that First State Bank had now had transferred out of Defendant's account the amount of the garnishment.

9. Shortly after learning about the transfer of funds, prior to his deposition in an unrelated matter on December 11, 2017, the undersigned contacted Mr. Kring to advise that money had been moved. Mr. Kring advised that he was not aware of the transfer. The undersigned stated that he understood that Mr. Kring's client requested additional details about the nature and extent of the secured transaction and, furthermore, that the undersigned would be speaking to his client on Tuesday, December 12, 2017 to learn those details. During this telephone conference, the undersigned requested that, to the extent Plaintiff received funds, to hold such funds pending resolution of this issue. Absent an agreement, the undersigned advised he would have to seek a restraining order. Mr. Kring requested that the undersigned send an email for him to pass along to his client, which the undersigned did. *See* Exhibit 2.

10. After receipt of the undersigned's email making the request for Plaintiff to hold funds received, Mr. Kring responded with an email stating he needed additional

information before making any decisions.  Mr. Kring also stated that he was not sure

"how the alternative of sending a Sheriff to start seizing assets would be better for

your client or Cimarron."  *See* Exhibit 3.

11. At a break during the deposition on December 11, the undersigned again stated that

he agreed to provide information, but (i) NewLight had a duly filed security interest

in funds, (ii) we had received word bank had transferred funds already, (iii) that my

clients needed to reach a provisional agreement about holding funds or my client

needed to file for relief with the Court.  *See* Exhibit 4.

12. Mr. Kring responded to the email by again demanding answers now (to questions

that the Mr. Kring knew the undersigned would be discussing with his client

tomorrow).  *See* Exhibit 5.

## ARGUMENT AND AUTHORITY

Plaintiff was aware on December 6, 2017 of the claim by NewLight that it had a

security interest in and to "accounts receivable and proceeds therefrom" of the Defendant.

Monies held by First State Bank (the garnishee) in whole or in part are pledged as security.

This security interest, granted by a promissory note, and evidenced by a UCC Financing

Statement filed November 1, 2016, is prior and superior to Plaintiff's judgment lien.

Upon learning that First State Bank had thereafter transferred certain funds, the

undersigned attempted to reach a reasonable provisional agreement with Plaintiff with

regard to any funds Plaintiff received in order to avoid seeking a restraining order.  The

factual history described above indicate that possibility.  However, this afternoon

(December 11, 2017), NewLight's counsel learned that Plaintiff was reluctant to make such

4

a provisional agreement.  Therefore, since First State Bank has transferred monies pledged (and monies being highly liquid), it is urgent that NewLight obtain provisional relief in the form of a restraining order.

It is possible that in the next several days, much of this will be moot, given that the undersigned plans to conference with his client and, furthermore, conference with Plaintiff's counsel.  Unfortunately, given the nature of the collateral seized (monies which is highly liquid), NewLight felt it had little choice than to file this instant motion after making a good faith attempt to reach an agreement.  For this reason, NewLight requests that the Court enter an order temporarily restraining the use of the garnished funds until such time as the issues raised in the Motion to Intervene are resolved by the Court. NewLight also requests and expedited hearing on this issue.

WHEREFORE, premises considered, NewLight Healthcare, Inc., prays that the Court grant the relief requested in this Motion.

Respectfully submitted,

/s/Brandon Powell Wilson
Brandon Powell Wilson, OBA No. 19599
WHITWORTH, WILSON & EVANS, PLLC
3847 South Boulevard, Suite 100
Edmond, OK  73013
405-415-4222        Telephone
405-415-4222        Facsimile
brandon@wwefirm.com
clint@wwefirm.com
**Attorneys for Intervenor**
**NewLight Healthcare, LLC**

## Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing was served on December 11, 2017, as follows:

*Via Notice of Electronic Filing*
Lori Sander, OBA No. 16577
Jacob B. Kring, Tex. No. 24062831

*Via United States Mail*
Lori A. Sander
Felker, Sander & Associates, P.C.
3934 NW 36th Street
Oklahoma City, Oklahoma  73112

Jacob B. Krieg
Hedrick Kring, PLLC
1700 Pacific Avenue, 4650
Dallas, Texas  75201

First State Bank
ATTN:  Cerita Walker
20 SW Square
Boise City, Oklahoma  73933

Cimarron County Health Authority
PO Box 1059
Boise City, OK  73933

/s/Brandon Powell Wilson