Exhibit 4 - Motion for Temporary Restraining Order

**Brandon Wilson**

---

| | |
|---|---|
| **From:** | Brandon Wilson |
| **Sent:** | Monday, December 11, 2017 2:27 PM |
| **To:** | Jacob Kring |
| **Cc:** | Clinton D. Whitworth |
| **Subject:** | RE: Delta/Cimarron |

Jacob:

I'm in a break during my deposition. Some of the questions are understandable. But as far as our claim, my client had a duly filed UCC Financing Statement evidencing the security and we've filed a Motion to Intervene in the garnishment. I agree that we need to discuss further, but I am told that the Bank has already transferred the money. If that's the case I will be filing an application for emergency restraining order tonight unless your client agrees to hold the funds.

B

Get [Outlook for Android](#)

---

**From:** Jacob Kring <Jacob@hedrickkring.com>
**Sent:** Monday, December 11, 2017 2:17:41 PM
**To:** Brandon Wilson
**Cc:** Clinton D. Whitworth
**Subject:** RE: Delta/Cimarron

Brandon:

Let me know when you've had a chance to talk with your client about the below issues.  I know we chatted last week you hadn't really talked with them, but at this time I still don't have any real indication of your client's relationship with the judgment-debtor, the amount your client claims it is owed, how your client would trace whatever lien it believes it has, or how any lien would be handled in light of my client's judgment and the lien created therefrom.  Practically, I am not sure how the alternative of sending a Sheriff to start seizing assets would be better for your client or Cimarron.  I also haven't heard from Cimarron and it would seem to me they should be a part of any discussion we have.  I understand you are in depositions today, but please let me know once you've had a chance to talk with your client about the issues we discussed last week.   Until I can get some clarity on those issues we discussed last week and that I identified in my below e-mail, I am not in a position to make any commitments to you.  I also googled your client and it looks like they have a very close relationship with Cimarron that was never disclosed to me (or perhaps you) http://newlighthealthcare.com/casestudies/hospital-turnaround/.  I need to first understand what is going on before I can make any decisions with respect to your request.

In the meantime I will try to talk with my client about the issues raised in your e-mail below of this morning.

Perhaps we can schedule a call Wednesday to discuss the totality of the issues we have both raised with one another.  Is there a time that works for you?  I would think we should try and get Cimarron on the phone as well.  The afternoon works better for me.

Jacob

**From:** Brandon Wilson [mailto:brandon@wwefirm.com]
**Sent:** Monday, December 11, 2017 10:51 AM
**To:** Jacob Kring
**Cc:** Clinton D. Whitworth
**Subject:** RE: Delta/Cimarron

Jacob:

It was good to talk to you.  I've got depositions starting at noon and will be out the rest of the day today.  I planned to speak to my clients tomorrow about the below issues.

In the meantime, I received an email from my clients indicating that the bank paid $98,000.  At this point in time, I don't know any details, except the $98,000 has been withdrawn.

I have two options now:  (1) either file for an emergency restraining order or (2) obtain your client's agreement to hold those funds pending resolution of these issues.

Please discuss with your client, and let me know as quickly as you can.  Thanks.

**Brandon Powell Wilson**
**WHITWORTH, WILSON & EVANS, PLLC**
**3847 South Boulevard, Suite 100**
**Edmond, Oklahoma 73013**
**405-415-4222**

**NOTE:  WE HAVE MOVED!  EFFECTIVE JULY 1, 2017, OUR OFFICE ADDRESS IS 3847 SOUTH BOULEVARD, SUITE 100, EDMOND, OKLAHOMA 73013.  THE FIRM'S PHONE AND EMAIL REMAIN THE SAME.**

**From:** Jacob Kring [mailto:Jacob@hedrickkring.com]
**Sent:** Thursday, December 7, 2017 5:45 PM
**To:** Brandon Wilson <brandon@wwefirm.com>
**Subject:** RE: Delta/Cimarron

Brandon:

Thanks for the time on the phone earlier today. I wanted to follow up via e-mail to create an agenda of things to discuss next week.  Feel free to add whatever you'd like and I'll be prepared to discuss.

- Intervention;
- Amount of outstanding debt covered by note;
- Security agreement;
- Tracing of receivables to account;
- Impact of continued collection efforts on note and security agreement;
- Foreclosure of judgment lien and impact on inferior lien (assuming first lien is valid); and
- Relationship between debtor and lender.

Jacob B. Kring
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9625 direct | 214.206.6182 mobile| 214.481.1844 fax
Jacob@HedrickKring.com | www.HedrickKring.com

**From:** Jacob Kring
**Sent:** Thursday, December 07, 2017 9:51 AM
**To:** 'brandon@wwefirm.com'
**Subject:** Delta/Cimarron

Brandon:

I called you earlier and left a voicemail.  Give me a buzz when you can please.

Jacob B. Kring
**Hedrick Kring, PLLC**
1700 Pacific Avenue, Suite 4650 | Dallas, Texas 75201
214.880.9625 direct | 214.206.6182 mobile| 214.481.1844 fax
Jacob@HedrickKring.com | www.HedrickKring.com