IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELTA LOCUM TENENS, LLC, | § § | |
| PLAINTIFF, | § § | |
| v. | § § | CIVIL ACTION NO. 5:17-fj-00004-R |
| CIMARRON COUNTY HEALTH AUTHORITY *d/b/a* CIMARRON MEMORIAL HOSPITAL, | § § § § § | |
| DEFENDANT. | § § | |

**PLAINTIFF'S MOTION TO COMPEL POST-JUDGMENT DISCOVERY AND FOR ATTORNEYS' FEES**

Plaintiff Delta Locum Tenens, LLC, ("Plaintiff") files this Motion to Compel Post-Judgment Discovery and for Attorneys' Fees (the "Motion"), and respectfully moves this Court for an order compelling the production of documents and the answering of interrogatories from judgment debtor Cimarron County Health Authority *d/b/a* Cimarron Memorial Hospital ("Defendant"). In support of this Motion, Plaintiff states as follows:

**I.**
**MOTION**

1. The Federal Rules of Civil Procedure give a judgment creditor the broad ability to discover a judgment debtor's assets. *See* FED. R. CIV. P. 69(a)(2). Indeed, a judgment creditor has a right to discover information pertaining to the judgment debtor's ability to satisfy a judgment. *See F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). A judgment creditor has the ability to request post-judgment discovery under the forms permitted by both federal and state law. FED. R. CIV. P. 69(a)(2).

2. On September 1, 2017, Plaintiff served Defendant with Plaintiff's Requests for Production in Aid of Judgment to Defendant and Plaintiff's Interrogatories in Aid of Judgment to Defendant (collectively, "Plaintiff's Discovery Requests") by delivering them to Defendant. *See* Plaintiff's Requests for Production in Aid of Judgment to Defendant, attached hereto as Exhibit A; Plaintiff's Interrogatories in Aid of Judgment to Defendant, attached hereto as Exhibit B; Certified Mail, Return Receipt, and Proof of Delivery, attached hereto as Exhibit C. Plaintiff's Discovery Requests were made pursuant to Federal Rules of Procedure 33, 34, and 69.

3. Defendant's deadline to respond to Plaintiff's Discovery Requests was October 2, 2017. As of the date of this filing, however, Defendant has not responded to Plaintiff's Discovery Requests.

4. Where an objection is not made within the time frame allowed, the objection is waived. *See* FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived . . . .").

5. Accordingly, all of Defendant's objections to Plaintiff's Discovery Requests are waived. Defendant should be compelled, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), to produce all documents responsive to Plaintiff's Requests for Production in Aid of Judgment and provide all answers responsive to Plaintiff's Interrogatories in Aid of Judgment.

6. Plaintiff is also entitled to recover the attorneys' fees incurred in bringing this Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Plaintiff is entitled

to attorneys' fees in the amount of $1,000.00.  *See* Affidavit of Jacob B. Kring, attached hereto as Exhibit D.

## II.
### REQUEST FOR RELIEF

Plaintiff requests that the Court enter an Order compelling Defendant to produce documents responsive to Plaintiff's Requests for Production in Aid of Judgment within seven (7) days of the court's order and compelling Defendant to provide answers to Plaintiff's Interrogatories in Aid of Judgment within seven (7) days of the court's order. Plaintiff further moves this Court for an Order awarding Plaintiff its costs and attorneys' fees in the amount of $1,000.00 in bringing this Motion, and such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Jacob B. Kring*
**Jacob B. Kring** (admitted *Pro Hac Vice*)
Texas State Bar No. 24062831

**HEDRICK KRING, PLLC**
1700 Pacific Ave., Suite 4650
Dallas, Texas 75201
Telephone:  (214) 880-9600
Telecopier:  (214) 481-1844
E-mail: jacob@hedrickkring.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I have attempted to contact Defendant regarding the substance of this Motion. When I called Defendant's office a man named "Tim" identified himself as the CEO of the Defendant but also identified himself as an employee of Newlight Healthcare, LLC, who is represented by counsel. Upon learning that the same employee works as the CEO of the judgment-debtor who is unrepresented and Newlight Healthcare, LLC, who is represented by counsel, the undersigned deemed it unwise to continue discussing the matter with the same individual. I also e-mailed counsel for Newlight Healthcare, LLC, on December 19, 2017, and again on December 20, 2017, to inquire whether or not he represented the Defendant. Counsel for Newlight Healthcare, LLC, did not respond to either of my e-mails identifying whether or not he represents Defendant, and therefore, I assume he does not. Accordingly, this Motion is submitted to the Court for its determination.

/s/Jacob B. Kring
Jacob B. Kring

## CERTIFICATE OF SERVICE

I hereby certify the foregoing Plaintiff's Motion to Compel Post-Judgment Discovery and for Attorneys' Fees has been served on the following via certified mail, return receipt requested, on this 20th day of December, 2017:

Cimarron County Health Authority *d/b/a* Cimarron Memorial Hospital
100 South Ellis Street
Boise City, Oklahoma 73933

/s/Jacob B. Kring
Jacob B. Kring