IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELTA LOCUM TENENS, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-fj-00004-R |
| | § | |
| CIMARRON COUNTY HEALTH | § | |
| AUTHORITY *d/b/a* CIMARRON | § | |
| MEMORIAL HOSPITAL, | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S REQUESTS FOR PRODUCTION IN AID OF JUDGMENT

TO:     Defendant Cimarron County Health Authority *d/b/a* Cimarron Memorial Hospital, 100 South Ellis Street, Boise City, Oklahoma 73933.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Delta Locum Tenens, LLC ("Plaintiff"), submits the following Requests for Production in Aid of Judgment (the "Request") to Defendant Cimarron County Health Authority *d/b/a* Cimarron Memorial Hospital ("Cimarron" or "Defendant"). Cimarron shall serve a written response and produce such items for inspection and photocopying at the office of Hedrick Kring, PLLC, 1700 Pacific Avenue, Suite 4650, Dallas, Texas 75201, counsel for Plaintiff, within thirty-three (33) days following service of this Request.

## I.
### INSTRUCTIONS

1.      To the fullest extent permitted by the Federal Rules of Civil Procedure, these document requests are continuing in nature. Cimarron is requested and required to supplement its responses and produce additional documents when appropriate or necessary under the rules.

2.      These document requests are intended to cover all documents in the possession, custody or control of Cimarron. A document is deemed to be within the possession, custody, or

# EXHIBIT 1

control of Cimarron if it is within its physical control or it is within the physical control of another person or entity and Cimarron: (a) owns the document in whole or in part; (b) has a right by contract, statute or otherwise to use, inspect, examine, or copy the document; (c) has, as a practical matter, the ability to use, inspect, examine, or copy such document; or, (d) has a right of access to such document which is superior to Plaintiff's right of access.

3.      If any document is withheld on the basis of any claim of privilege, work product, or otherwise, then Cimarron is requested to submit a written statement no later than the date of the commencement of the production:

(a)      identifying the person or persons who prepared, created, or drafted the document, and, if applicable, the person or persons to whom the document was sent or shown;

(b)      identifying the date on which the document was prepared or transmitted;

(c)      identifying the subject matter of the document;

(d)      describing the nature of the document (e.g. letter, telegram, etc.);

(e)      stating the identity of each person who had access to, custody of, and who received a copy of the document;

(f)      identifying the present custodian of the document;

(g)      stating the reason the document was not produced;

(h)      stating the basis for any claim that the document is privileged, constitutes work product, or is otherwise protected from production; and,

(i)      identifying the paragraph of this request to which the document relates.

If any document relates in any way to a meeting or to any conversation, all participants in the meeting or the conversation are to be identified.  If any information is not produced because such information is stored electronically or by means other than print, identify

the subject matter of the information and the place or places where such information is maintained, and provide a suitable program or method of retrieving such information.

4.      All documents and/or other data compilations which might relate to or impact the subject matter of the litigation shall be preserved, and any ongoing process of document destruction involving such documents shall cease immediately pursuant to TEX. PENAL CODE ANN. § 37.09, wherein the act of concealing or destroying a document with the intent to impair its availability as evidence in any official proceeding is a criminal offense.  In those instances where document destruction has already taken place, the documents that would have been relevant to the following discovery requests shall be identified, as well as the date of destruction and the individual authorizing, ordering, and/or carrying out the destruction.

5.      All electronic and/or magnetic data or media that are responsive to the requests below shall be produced in their native electronic or magnetic form.  With reference to image files, produce responsive documents and tangible things in their original, TIF, GIF, JPEG, or PDF formats.  With reference to any documents or tangible things existing in WordPerfect, Microsoft Word, Microsoft Excel, Microsoft Access, Microsoft PowerPoint, Microsoft Outlook, Microsoft PST, or other formats, produce such documents in their native format with related metadata.  With reference to all other electronic and/or magnetic data, please produce all documents and tangible things in their native format and ASCII format and for any field based data, produce documents and tangible things in an ASCII delimited text format, identifying the delimiters.  All such electronic and/or magnetic data or media shall be produced on either CD-Rom or DVD discs.

## II.
### DEFINITIONS

The Definitions set forth below, unless otherwise indicated, apply to all of the document requests:

1. "And" and "or" shall mean and/or.

2. "Any" and "all" shall mean any and/or all.

3. "Communication" or "communications" shall mean any transmission, receipt or exchange of information between two or more persons, whether orally or in writing, and including, without limitation, any conversation or discussion in person or by means of letter, note, memorandum, telephone, telefax, telex, email, text message, instant message, voice mail or some other medium.

4. "Compensation" shall mean any remuneration, compensation, salary(ies), bonus(es), distribution(s), stock option(s), holiday pay, productivity fund payment(s), or payment(s) in return for an employee benefit or right.

5. The terms "document" or "documents" are used herein in the broadest sense of that word and shall mean the original, or an identical copy of the original if the original cannot be produced, and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, of any written or graphic matter of any nature whatsoever, regardless of how recorded or stored, including, but not limited to, the following: letters, correspondence, emails, memorandum, reports, books, manuals, instructions, financial reports, working papers, records, notes, notices, confirmation, telegrams, telexes, telecopies, teletypes, facsimiles, facsimile cover sheets, facsimile transmission reports, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, interoffice and intraoffice communications, contracts, agreements, deeds, mortgages, cables, notations of any sort of conversation, telephone

calls, meeting or other communication, telephone logs, telephone message pads, telephone bills, bulletins, printed matter, computer printouts, invoices, checks (check stubs), promissory notes, instruments, transcripts, diaries, calendars, appointment books, analyses, returns, summaries, minutes, bills, invoices, accounts, ledgers, journals, estimates, projections, comparisons, messages, press releases, licenses, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, lists, worksheets, spreadsheets and any alterations, modifications, revisions, changes and/or amendments to any of the foregoing, as well as any attachments or appendices, and any graphic or oral records or representations of any kind (including, without limitation, photographs, pictures, drawings, charts, graphs, microfiche, microfilm, video or audio tape recordings and motion pictures), or any electronic, mechanical, electric recording or representations of any kind, regardless of how it is stored or maintained, (*i.e.*, hard copies, paper copies, tapes, cassettes, disks, CDs, hard drives of computers, *etc.*).

6.      "Each" and "every" shall mean each and/or every.

7.      "Evidence" and "evidencing" shall mean containing, proving, indicating, or being probative of the existence or nature of the subject matter of the request.

8.      "Related to" or "relating to" shall mean constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, deals with, comments on, responds to, describes, involves, or is any way pertinent to that subject.

9.      The terms "person" or "entity" shall mean any natural person, group of persons, corporation, partnership, joint venture, unincorporated association, organization, trust, governmental agency, or entity of any other kind.

10.      The term "supporting" shall mean proving, explaining, corroborating, substantiating, validating, authenticating, or establishing.

11.     "Including" shall mean "including, but not limited to."

12.     The terms "lawsuit" or "litigation" shall mean the above-captioned matter.

13.     The term "statement" shall mean:

(a)     any written statement, signed or otherwise adopted or approved by the person or entity making same; or,

(b)     any stenographic, mechanical, electrical or other type of recording or any transcript thereof, which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

14.     "Plaintiff" shall mean Plaintiff Delta Locum Tenens, LLC, and all of its, as applicable, agents, employees, representatives, shareholders, officers, directors, or other person(s) acting or purporting to act for or on its behalf.

15.     "You," "your," or "Cimarron" shall mean Defendant Cimarron County Health Authority *d/b/a* Cimarron Memorial Hospital, and all of its, as applicable, agents, employees, representatives, shareholders, officers, directors, or other person(s) acting or purporting to act for or on its behalf.

## III.
### RELEVANT TIME PERIOD

Unless otherwise stated herein, the relevant time period is from January 1, 2016, through to the present.

## IV.
### REQUESTS FOR PRODUCTION

The following documents are to be produced to Plaintiff in accordance with the Instructions and Definitions set out above:

**REQUEST FOR PRODUCTION NO. 1:**  All income taxes and any other tax returns filed by you for the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents referred to in any way, directly or indirectly, in any and all income tax returns filed by you for the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents that constitute or refer in any way, directly or indirectly, to any and all books, records, or other memoranda of business or financial conduct, activities, status, or income of you for the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All documents that constitute or refer in any way, directly or indirectly, to any items of personal property in which you own or claim an interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents that refer in any way, directly or indirectly, to any items of real property in which you own or claim an interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All documents, items, and things that refer in any way, directly or indirectly, to any and all accounts, business or personal bank accounts, checking, savings, credit union, or retirement accounts in which you have an interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All documents that refer in any way, directly or indirectly, to the name and addresses of persons or entities to whom you have given a financial statement in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All documents that constitute or refer in any way, directly or indirectly, to financial statements prepared by you in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All documents that contain or refer in any way, directly or indirectly, to the names and addresses of persons who have served as bookkeepers or financial advisers for you in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.10:** All documents that refer in any way, directly or indirectly, to each person or entity to whom you have paid, given, or conveyed any real or personal property of a value more than $200.00 in the last five (5) years, outside of the regular course of business.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All documents that refer in any way, directly or indirectly, to any personal or real property that you have sold, given, paid, or otherwise conveyed in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All documents that refer in any way, directly or indirectly, to any and all motorized vehicles including automobiles, trucks, watercraft, aircraft, recreational vehicles, and motorcycles in which you claim an interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents that refer in any way, directly or indirectly, to any and all persons or entities who have appraised any real or personal property for you in the last two (2) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents that constitute or refer in any way, directly or indirectly, to any appraisal of any real or personal property prepared for you in the last two (2) years or that otherwise reflect the value of any real or personal property in which you have an interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All documents that evidence or refer in any way, directly or indirectly, to the amount of money owed to you by any person or entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  All documents that refer in any way, directly or indirectly, to any legal cause of action, either real or anticipated, by or against you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  All documents that refer in any way, directly or indirectly, to the anticipated amount of recovery in any legal cause of action, either real or anticipated, by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  All documents that refer in any way, directly or indirectly, to each person who has served as the banker or entity that has served as the bank for you in the last two (2) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  All documents that refer in any way, directly or indirectly, to any cash on hand for you as of the date of this request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  All documents that refer in any way, directly or indirectly, to any and all cash in any account owned or claimed by you held or deposited with any bank or other financial institution.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  All documents that refer in any way, directly or indirectly, to any accounts payable owed by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  All documents that constitute or refer in any way, directly or indirectly, to any accounts receivables owed to you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**: All documents that constitute or refer in any way, directly or indirectly, to any notes receivable held by you or in which you claim an interest.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24**: All documents that refer in any way, directly or indirectly, to any shares of stock owned by you or in which you claim an interest.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25**: All documents that refer in any way, directly or indirectly, to any bonds owned by you or in which you claim an interest.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26**: All documents that refer in any way, directly or indirectly, to any interest you may have in any real estate that you own or in which you claim an interest.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27**: All documents that refer in any way, directly or indirectly, to any interest you may have in any businesses, partnerships, corporations, or joint ventures.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 28**: All documents that refer in any way, directly or indirectly, to any equipment that you own or in which you claim an interest.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29**: All documents that refer in any way, directly or indirectly, to any mortgage on which you are liable.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30**: All documents that refer in any way, directly or indirectly, to any other unpaid taxes for which you are liable except for those already listed with regard to real estate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**  All documents that refer in any way, directly or indirectly, to any assets held in trust, in an estate, or in any other name or capacity in which you claim or have an interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** All documents that refer in any way, directly or indirectly, to assets, except real estate, that secure any debt for which you are liable.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** All documents that refer in any way, directly or indirectly, to your obligations to pay the leases, notes, or other debts of any other person or entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All documents that refer in any way, directly or indirectly, to any unsatisfied judgment against you or for which you are liable.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**  All documents that refer in any way, directly or indirectly, to any filing in bankruptcy by you or any assignment by you for the benefit of creditors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**  All documents that refer in any way, directly or indirectly, to any dividends payable to you or in which you claim an interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**:  All documents that refer in any way, directly or indirectly, to any interest payable to you or in which you claim an interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** All documents that refer in any way, directly or indirectly, to any royalties payable to you or in which you claim an interest.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 39:** All documents that refer in anyway, directly or indirectly, to any personal or business expense, management, rent, household, etc., of yours.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 40:** All documents that refer in any way, directly or indirectly, to any insurance policies and/or annuity contracts in which you have an interest or that insure property in which you have an interest or any insurance payments made by you in the last four (4) years and any insurance payments due or to become due to you.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 41:** All documents that refer in any way, directly or indirectly, to any other assets not already divulged by you under this document request.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 42:** All documents that refer in any way, directly or indirectly, to any other liabilities not already divulged under this document request.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 43:** All documents that refer in any way, directly or indirectly, to any outstanding contracts for which you are entitled to receive a commission and/or on which you claim a right to receive a commission, whether a partial commission or complete commission.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 44:** All documents that evidence safe-deposit boxes, lock boxes, and storage facilities of any kind to which you have access.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** All check stubs, cancelled checks, and account statements for the last two (2) years for accounts in which you claim an interest.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 46:** All documents that evidence any trusts and the assets contained therein for trusts of which you are a grantor, beneficiary, or trustee.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 47:** All documents that constitute or refer in any way, directly or indirectly, to any records of salaries, commissions, bonuses, income from employment, allowances, expenses or any other amounts of money paid to or by you within the last five (5) years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 48:** All documents that contain or refer in any way, directly or indirectly, to the name and address of any person who has custody of records of salaries, commissions, bonuses, allowances, expenses, or any other amounts of money paid to or by you within the last five (5) years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 49:** All documents that refer in any way, directly or indirectly, to any and all businesses in which you are a partner, officer, or principal owner.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 50:** Your original bylaws and articles of incorporation (or certificate of formation) as well as any amended versions.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 51:** All minutes of meetings of you from the date of inception to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 52:** All documents reflecting the ownership of you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** All documents reflecting the purchase by all owners of their membership interest in you from the date of inception to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** All documents filed with the Internal Revenue Service including, but not limited to, IRS Form 941, pertaining to quarterly earnings, tax withholdings, FICA withheld, and Defendant's portion of FICA withheld.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** All documents filed with the Texas Employment Commission for unemployment tax paid to the State of Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** All W-2s and W-3s filed with the Social Security Administration.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** All documents filed with the State of Texas pertaining to sales tax collected.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** All documents relating to any state income tax filed by you over the past four (4) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** All documents that relate to, concern, or discuss your formation and the function, purpose, or reason for your formation.

**RESPONSE:**

Respectfully submitted,

*/s/ Jacob B. Kring*

**Jacob B. Kring**
Texas State Bar No. 24062831

**HEDRICK KRING, PLLC**
1700 Pacific Ave., Suite 4650
Dallas, Texas 75201
Telephone:  (214) 880-9600
Telecopier:  (214) 481-1844
E-mail: jacob@hedrickkring.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Request for Production in Aid of Judgment has been served on the following via certified mail, return receipt requested, on this 1st day of September 2017.

Cimarron County Health Authority *d/b/a* Cimarron Memorial Hospital
100 South Ellis Street
Boise City, Oklahoma 73933

*/s/ Jacob B. Kring*

Jacob B. Kring